# Order

Michigan Supreme Court
Lansing, Michigan

May 27, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

150165

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JOHN DAVID MARSHALL,
      Defendant-Appellant.

SC: 150165
COA: 313814
Wayne CC: 12-002077-FC

_____/

On order of the Court, the application for leave to appeal the August 5, 2014 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE in part the judgment of the Court of Appeals. The Court of Appeals erred in holding that MRE 803(7) is not applicable under this set of facts, where defendant sought to introduce evidence that there were no recorded reports of an allegation of sexual assault. Because defendant sought to elicit testimony relating to the absence of a "matter . . . of a kind of which a memorandum, report, record, or data compilation [is] regularly made and preserved," MRE 803(7), evidence that no report was ever made was admissible "to prove the nonoccurrence or nonexistence of the matter," *id*. See *United States v Gentry*, 925 F2d 186, 188 (CA 7, 1991) (analyzing the rule's federal counterpart). The Court of Appeals further erred in holding that the testimony at issue was not relevant under MRE 401. As observed by the Court of Appeals concurring opinion, the evidence at issue was probative of the complainant's credibility; specifically, the complainant's claim that she had reported the abuse to her school teacher. We AFFIRM, however, the Court of Appeals holding that any error was harmless because defendant was permitted to argue that the absence of a report undermined the complainant's credibility. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 27, 2015



Clerk

s0520